UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAR JOSEPH WASITO,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; ANTHONY ELLIOT; OFFICER NICHOLES; MICHAEL TANSEY; TAYLOR HEARNSBURGER, ESQ.; KARA ELLION, ESQ.,<br><br>                       Defendants. | Case No.: 19-CV-2395 JLS (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL**<br><br>(ECF No. 1) |

      Presently before the Court is Plaintiff Janar Joseph Wasito's Complaint ("Compl.," ECF No. 1), which contains a "Motion to Seal this Litigation under Title 50, U.S.C., in order to preserve Lieutenant Wasito's Ability to Serve the Country in the future" ("Mot.").[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 7(b), "[a] request for a court order must be made by motion." Accordingly, Mr. Wasito's "Motion," which is contained in his Complaint, *see* Compl. at 14, 19, is not properly before the Court. *See, e.g.*, *Cook v. Brewer*, No. CV 11-557-PHX-RCB, 2011 WL 1119641, at *1 (D. Ariz. Mar. 28), *aff'd*, 649 F.3d 915 (9th Cir. 2011). Nonetheless, in recognition of Mr. Wasito's *pro se* status, the Court construes his seventh cause of action as a motion to seal. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992) (recognizing the importance of construing liberally the "'inartful pleading' of pro se litigants," particularly in civil rights cases).

Compl. at 19. Having carefully considered Mr. Wasito's Complaint, his Motion, and the relevant law, the Court **DENIES WITHOUT PREJUDICE** Mr. Wasito's Motion.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing

*Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

**ANALYSIS**

Mr. Wasito appears to request that the entirety of his Complaint be filed under seal. "The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but . . . courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013).

Here, Mr. Wasito's Motion is brought "under Title 50, U.S.C., in order to preserve Lieutenant Wasito's Ability to Serve the Country in the Future,"[2] *see* Compl. at 19, and "to avoid any harm to his future employment or value to the Nation" because he "desire[s] to work in classified, law enforcement, and national security positions for the Federal government." *Id.* at 14. The Ninth Circuit has held that concerns of this type do not satisfy the compelling reasons standard. *See, e.g.*, *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (affirming district court's denial of motion to seal record of bankruptcy proceedings where "[t]he only reasons provided for sealing the records—to avoid embarrassment or annoyance to [the defendant] and to prevent an undue burden on his professional endeavors—are not 'compelling'"); *Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Mr. Wasito's Motion is also overbroad. "Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected." *Ervine*

---

[2] Title 50 of the United States Code concerns War and National Defense. A review of Mr. Wasito's Complaint, which hinges upon an allegedly unlawful arrest and search of his vehicle on March 14, 2019, *see* Compl. at 4–7, does not reveal any matters of national security.

*v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 513 (1984)).  Here, by contrast, Mr. Wasito appears to seek leave to file the entirety of his Complaint under seal, including several exhibits that already appear to be publicly available, including tables of countries by gross domestic product based on purchasing power parity, *see* Compl. at 24–25; the Law Enforcement Officers Safety Act of 2004, *see* Compl. at 55–58; and reports from the Congressional Research Services.  *See* Compl. at 59–67.  Accordingly, Mr. Wasito's Motion also must be denied as overbroad. *See, e.g.*, *Bangert v. Cnty. of Placer*, No. 2:17-CV-1667 KJN P, 2019 WL 358518, at *13 (E.D. Cal. Jan. 29, 2019) (denying motion to seal as overbroad where the parties seeking to seal did "not discuss any of the individual exhibits attached to the [filing], which include[d] public documents such as an article from the *Sacramento Bee*").

Because Mr. Wasito has failed to meet his burden of establishing "compelling reasons" sufficient to outweigh the public's interest in narrowly tailored portions of his Complaint, the Court **DENIES WITHOUT PREJUDICE** Mr. Wasito's Motion.

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Mr. Wasito's Motion (ECF No. 1).  Within fourteen (14) days of the electronic docketing of this Order, Mr. Wasito **SHALL FILE** either (1) a renewed motion to seal that meets the "compelling reasons" standard and is narrowly tailored to those specific portions of his Complaint that merit protection, or (2) an unredacted copy of his Complaint.  *See In re SeraCare Life Scis., Inc. Sec. Litig.*, No. 05-CV-2335-H (CAB), 2007 WL 9776550, at *1 (S.D. Cal. June 4, 2007).

**IT IS SO ORDERED.**

Dated:  December 16, 2019

*[signature]*
Hon. Janis L. Sammartino
United States District Judge